The judgment and order appealed from should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.

---

TIMOTHY Y. BROWN, Respondent, *v.* JOSHUA JAMES, Defendant, and ASA GIBBONS, Appellant.

*A certificate that the case contains all the evidence — the credibility of a party is for the jury.*

A certificate that the case contains all the evidence is essential to a review of questions of fact.

Where the testimony of a defendant is essential to his defense and incapable of direct contradiction by the plaintiff, the question of fact raised by the evidence should be submitted to the jury.

APPEAL by the defendant, Asa Gibbons, from a judgment of the City Court of Yonkers in favor of the plaintiff, entered in the office of the clerk of said court on the 1st day of April, 1896, upon the verdict of a jury rendered after a trial at a Trial Term of said court, and also from an order entered in said clerk's office on the 6th day of April, 1896, denying the said defendant's motion for a new trial made upon the minutes.

*William C. Kellogg,* for the appellant.

*John F. Brennan,* for the respondent.

PER CURIAM:

This action is brought to recover against the appellant Gibbons, as indorser of a promissory note. This case has been before us on a previous appeal. On the first trial of the action, a verdict was directed in favor of the plaintiff. On appeal, this judgment was reversed, the court holding that the case should have been submitted to the jury. (2 App. Div. 105.) On the second trial, the cause was submitted to the jury, who found a verdict for the plaintiff. There

is but little in this case to review. We cannot pass on the questions of fact, because there is no certificate that the case contains all the evidence. To sustain his defense, it was incumbent on the appellant to show that his indorsement was procured by fraud. The proof on this subject wholly rested upon his own testimony and that of his co-defendant, James. Being the testimony of parties in interest and incapable of direct contradiction by the plaintiff, the question of fact raised by this evidence was properly submitted to the jury to pass upon. No motion was made to direct a verdict in favor of the plaintiff. No exception was taken to the charge of the court. It is not necessary for us to determine whether the facts proved constituted the plaintiff a holder for value, because, in response to the request of the defendants, the court charged that if the appellant was induced to sign the note by false representations of James, then the plaintiff was not a *bona fide* holder and could not recover. It is true that, in previous portions of the charge, the court had instructed the jury that the plaintiff could not recover in case the indorsement was obtained by fraud, unless he established that he was a holder for value. But no exception was taken to this submission to the jury of the question whether the plaintiff was a *bona fide* holder for value, and the direct instruction that he was not, made in answer to the defendants' request to charge, eliminated the question from the case. The record before us, therefore, presents no question of law calling for our determination.

The judgment and order appealed from should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.